Opinion issued July 28, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00497-CR

———————————

In re Rodney D. Gowans, Sr., Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Relator, Rodney D. Gowans, Sr., has
filed a motion for leave to file a petition for writ of mandamus and a petition
for writ of mandamus.  In his petition,
relator complains that the trial court committed error by denying his request
for appointment of counsel for post-conviction DNA testing in trial court cause
number 13300.[1]  We deny the petition.  

          We note that relator was convicted in trial court cause number
13300, in the 12th District Court of Grimes County, of the offense of
intoxication manslaughter. His appeal was assigned to this Court as appellate
case number 01-97-00187-CR.  On May 27,
1999, we issued an opinion affirming judgment of the trial court.  Gowans v. State, 995 S.W.2d 787 (Tex.
App.CHouston [1st Dist.]  May 27,1999, pet. ref’d).  Our mandate issued on April 26, 2000.  

          Relator’s petition does not meet the requirements of the
Texas Rules of Appellate Procedure because he has not served the respondent
trial court judge[2] with a copy of the
petition for writ of mandamus.  Tex. R. App. P. 9.5. 

          In addition, there are three prerequisites for the issuance
of a writ of mandamus by an appellate court, namely:  (1) the lower court must have a legal duty to
perform a nondiscretionary act; (2) the relator must make a demand for
performance; and (3) the subject court must refuse that request; Barnes v.
State, 832 S.W.2d 424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig.
proceeding).  Relator has not provided us
with a record that shows that he made any request of respondent to perform a
nondiscretionary act that respondent refused. 
The record provided by relator includes a copy of the trial court’s
order denying his motion.

          Relator has not provided us with a record that shows that
the trial court refused to perform a nondiscretionary act.  

           Motions for leave to filed petitions in
original proceedings are no longer required by the Rules of Appellate
Procedure.  Tex. R. App. P. 52.1.  We
deny the motion for leave to file.

          The petition for writ of mandamus is denied.

PER CURIAM

Panel
consists of Justices Keyes, Hanks, and Higley.

Do
not publish . Tex. R. App. P. 47.2(b).











[1]
          The trial court entered an order
in trial court cause number 13300 denying relator’s request  for representation.  The trial court’s order states “On this date
came on to be considered a Motion Requesting Representation for the Filing of
Motion for Forensic Testing filed by Movant. 
The Court finds that Movant’s motion informs the court that Movant
wishes to submit a motion under Article 64 of the Texas Code of Criminal
Procedure and that Movant has filed an Affidavit of Indigency. However, the
court finds that Movant fails to allege any facts or information which would
allow the Court to find reasonable grounds for a motion to be filed as required
Article 64.01(c) Texas Code of Criminal Procedure.  The court has also reviewed the appellate
opinion in  Gowans v. State, 995 S.W. 2d 787 (Tex. App.—Houston, 1999) which
indicates that identity was not an issue in the case.  Therefore, it is ordered that Movant’s request for representation is denied
unless Movant is able to present information upon which the Court can find
reasonable grounds for the motion to be filed.” 
Relator’s remedy is to file in the trial court a motion that complies
with the requirements of Article 64 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art.  64.01 (Vernon Supp. 2009).  See
Gutierrez v. State, 307 S.W.3d 318, (Tex. Crim. App. App. 2010).

 





[2]
          Relator states the Respondent is
the “Presiding Judge of Criminal District Court 12 of Grimes County.”  Relator has not named the respondent trial
court judge. Tex. R. App. P.
52.3.