NO. 07-11-00072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 14, 2011

JEREMY JAY BROCK, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-2006D-049; HONORABLE ROLAND D. SAUL, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jeremy Jay Brock attempts to appeal the trial court's denial of his request for appointment of counsel in a proceeding for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure.[1]  Finding we lack appellate jurisdiction, we dismiss the appeal.

The record in this case has not been filed but the clerk of the trial court submitted a copy of appellant's notice of appeal and the trial court's order denying appellant's request for appointment of counsel.  We notified appellant by letter of a possible

---

[1] Tex. Code Crim. Proc. Ann. arts. 64.01-64.05 (West 2006 & Supp. 2010).

jurisdictional defect and afforded him more than ten days to supply documents or matters he deemed necessary for determination of our jurisdiction. Appellant did not respond to our notice letter. We have considered our jurisdiction.

According to appellant's notice of appeal he seeks our review of the trial court's order denying his "request for appointment of counsel pursuant to article 64, Code of Criminal Procedure, heretofore rendered against him . . . [on] January 21, 2011." On January 21, the trial court signed an order reciting that it had considered appellant's request for appointment of counsel in a Chapter 64 proceeding along with appellant's declaration of inability to pay costs. The court found no reasonable grounds for a motion under Chapter 64,[2] and denied appellant's request for appointment of counsel.

"The right to appeal is conferred by the legislature, and generally a party may appeal only that which the legislature has authorized." *Vargas v. State,* 109 S.W.3d 26, 29 (Tex.App.--Amarillo 2003, no pet). Thus unless jurisdiction is expressly granted by law, an appellate court does not have jurisdiction to review orders made during the course of a case before entry of a final order. *Apolinar v. State,* 820 S.W.2d. 792, 794 (Tex.Crim.App. 1991). The Texas Court of Criminal Appeals has held that an order denying appointed counsel under article 64.01(c) of the Code of Criminal Procedure is not an immediately appealable order. *Gutierrez v. State,* 307 S.W.3d 318, 319 (Tex.Crim.App. 2010). Rather, the order is appealable "if and when" the motion for forensic DNA testing is denied. *Id.* at 323.

---

[2] Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2010) (appointment of counsel requires court find reasonable grounds for filing motion under Chapter 64).

Because appellant seeks review of an interlocutory order over which appellate courts have not been given jurisdiction, we dismiss the appeal for want of jurisdiction.

James T. Campbell
Justice

Do not publish.