NO. 07-11-00072-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
14, 2011

 



 

JEREMY JAY BROCK, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 222ND DISTRICT COURT OF
DEAF SMITH COUNTY;

 

NO. CR-2006D-049; HONORABLE ROLAND D. SAUL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant Jeremy Jay Brock attempts to appeal the trial
court’s denial of his request for appointment of counsel in a proceeding for
post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.[1]  Finding we lack appellate jurisdiction, we
dismiss the appeal.

            The
record in this case has not been filed but the clerk of the trial court
submitted a copy of appellant’s notice of appeal and the trial court’s order
denying appellant’s request for appointment of counsel.  We notified appellant by letter of a possible
jurisdictional defect and afforded him more than ten days to supply documents
or matters he deemed necessary for determination of our jurisdiction.  Appellant did not respond to our notice
letter.  We have considered our
jurisdiction.

            According
to appellant’s notice of appeal he seeks our review of the trial court’s order
denying his “request for appointment of counsel pursuant to article 64, Code of
Criminal Procedure, heretofore rendered against him . . . [on] January 21,
2011.”  On January 21, the trial court
signed an order reciting that it had considered appellant’s request for appointment
of counsel in a Chapter 64 proceeding along with appellant’s declaration of
inability to pay costs.  The court found
no reasonable grounds for a motion under Chapter 64,[2]
and denied appellant’s request for appointment of counsel.

            “The
right to appeal is conferred by the legislature, and generally a party may
appeal only that which the legislature has authorized.”  Vargas v. State, 109 S.W.3d 26, 29 (Tex.App.--Amarillo
2003, no pet).  Thus unless
jurisdiction is expressly granted by law, an appellate court does not have
jurisdiction to review orders made during the course of a case before entry of
a final order.  Apolinar v. State, 820 S.W.2d.
792, 794 (Tex.Crim.App. 1991).  The Texas Court of Criminal Appeals has held
that an order denying appointed counsel under article 64.01(c) of the Code of
Criminal Procedure is not an immediately appealable order.  Gutierrez v. State, 307 S.W.3d 318, 319 (Tex.Crim.App.
2010).  Rather, the order is
appealable “if and when” the motion for forensic DNA testing is denied.  Id. at 323.

            Because appellant seeks review of an
interlocutory order over which appellate courts have not been given
jurisdiction, we dismiss the appeal for want of jurisdiction.  

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.

 








 











[1]  Tex. Code Crim. Proc. Ann. arts. 64.01-64.05
(West 2006 & Supp. 2010).





[2] Tex. Code Crim. Proc. Ann. art.
64.01(c) (West Supp. 2010) (appointment of counsel requires court find
reasonable grounds for filing motion under Chapter 64).