**Dismissed and Memorandum Opinion filed March 13, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-01083-CR

**AHMAD PEYRAVI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 919251**

## M E M O R A N D U M   O P I N I O N

This appeal arises from the trial court's denial of appellant Ahmad Peyravi's request for the appointment of counsel to file a motion for post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. art. 64.01 (West 2006 & Supp. 2011). We dismiss the appeal for lack of jurisdiction.

### BACKGROUND

A jury convicted appellant of murder, and he was sentenced to life imprisonment. This court affirmed his conviction in *Peyravi v. State*, No. 14-03-00452-CR, 2004 WL 1834288, at *1 (Tex. App.—Houston [14th Dist.] Aug. 17, 2004, pet. ref'd) (mem. op.,

not designated for publication). The Court of Criminal Appeals refused appellant's petition for discretionary review on March 16, 2005, and mandate issued from this court on May 10, 2005.

Appellant subsequently filed two *pro se* motions asking the trial court to appoint counsel to file a motion for post-conviction DNA testing of certain evidence. *See* TEX. CODE CRIM. PROC. art. 64.01(a-1), (c) ("A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. . . . A convicted person is entitled to counsel during a proceeding under this chapter. The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent.") The trial court denied appellant's motions on October 12, 2010, and appellant filed a timely notice of appeal.

## ANALYSIS

Appellant argues on appeal that he is not guilty of murder, and that the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), then "hid and then destroyed evidences [sic] . . . one day after the trial was ended to leave no trace behind." Appellant argues that DNA and fingerprint testing of this evidence would have supported his theory that he acted in self-defense and requests that we "look throughly [sic] into the facts of this case and[,] based upon the evidence in the record, grant him [a] new trial or a hearing which he never had."[1]

We conclude that we have no jurisdiction over appellant's request for relief. Appellant's conviction has been affirmed, his petition for review has been denied, and mandate has issued.[2] Even if we construe appellant's arguments as a complaint regarding

---

[1] In his conclusion, appellant also asks that we "grant him DNA testing of evidence for the interests of justice as he is innocent of the crime of murder." Appellant has not filed and the trial court has not ruled on any motion for DNA testing of evidence.

[2] To the extent that appellant's arguments could be construed as a request for final post-conviction habeas corpus relief from a felony judgment imposing a penalty other than death, only the

the trial court's denial of his request for the appointment of counsel to pursue post-conviction relief under article 64.01, the trial court's denial of such a request is not an immediately appealable order. *See Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010) (appeal from an order denying appellant's request for appointment of counsel under article 64.01(c) is "premature" because "a motion for appointed counsel is a preliminary matter that precedes the initiation of Chapter 64 proceedings"). We therefore dismiss this appeal for lack of jurisdiction.


/s/      Sharon McCally
Justice


Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

Texas Court of Criminal Appeals has jurisdiction over such proceedings. *See* TEX. CODE CRIM. PROC. art. 11.07 (West 2005 & Supp. 2011); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).