

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,186

**RUBEN GUTIERREZ, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DIRECT APPEAL FROM CAUSE NUMBER 1998-CR-1391-A
## IN THE 107TH DISTRICT COURT CAMERON COUNTY

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. JOHNSON, J., concurred.

## O P I N I O N

Gutierrez directly appeals the trial judge's order denying his request for appointed counsel under Texas Code of Criminal Procedure Article 64.01(c) to file a motion for post-conviction DNA testing. We hold that an order denying appointed counsel under Article 64.01(c) is not immediately appealable under Texas Rule of Appellate Procedure 25.2(a)(2). Therefore, we dismiss Gutierrez's appeal for lack of jurisdiction.

## Background

Gutierrez was convicted of capital murder and sentenced to death for his participation in the robbery and murder of eighty-five-year-old Escolastica Harrison. We affirmed his conviction and sentence on direct appeal in 2002,[1] and we denied his state application for a writ of habeas corpus in 2008. Gutierrez then filed a federal petition for a writ of habeas corpus. However, while his petition was pending, Gutierrez requested a stay so that he could raise two unexhausted claims before this Court. The federal district court granted Gutierrez's request.

In May 2009, Gutierrez's federal habeas counsel filed a motion for appointment of counsel under Chapter 64, Texas Code of Criminal Procedure, which governs motions for post-conviction DNA testing. Gutierrez, through counsel, asserted that he is indigent and cannot prepare an adequate motion without the assistance of experienced counsel. Gutierrez also maintained that reasonable grounds for post-conviction DNA testing exist.[2] In support of this assertion, Gutierrez began by describing the items containing biological material that are in the State's possession and that were not tested at trial:

- A blood sample taken from the victim;
- A shirt belonging to the victim's nephew and housemate containing apparent blood stains;
- Nail scrapings taken from victim;
- Blood samples collected from: (1) the victim's nephew's bathroom, a raincoat located outside the victim's nephew's bedroom; and (3) the sofa in the front

---

[1] *Gutierrez v. State*, No. AP-73,462 (Tex. Crim. App. Jan. 16, 2002) (not designated for publication).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp. 2009), *last amended* Acts 2007, 80th Leg., ch. 1006, § 2, eff. Sept. 1, 2007.

of the victim's house; and

• A hair discovered around the third finger on the victim's left hand.

Counsel argued that DNA testing excluding Gutierrez as a donor of the biological material on the aforementioned items would "tend to support Mr. Gutierrez's assertion that he was not present, during, did not participate in, and did not know or anticipate the victim's murder and is thus not guilty of capital murder."

The State filed a response to this request, asserting that Gutierrez failed to present reasonable grounds for a motion for testing to be filed. Citing Article 64.01(a), which states that a motion for DNA testing must be accompanied by an affidavit containing statements of facts supporting the motion,[3] the State asserted that Gutierrez's request for counsel failed to state any facts to support his contention that he is entitled to DNA testing. The State also maintained that Gutierrez could have been found guilty as a principal or party and that identity was not in issue.[4]

After reviewing the trial record, our opinion on direct appeal, and the parties' documents, the trial judge denied Gutierrez's request for appointment of counsel. The judge determined that no reasonable grounds for a motion for DNA testing existed. In doing so, the judge relied, in part, on one of our prior decisions observing that a defendant carries the

---

[3] TEX. CODE CRIM. PROC. ANN. art. 64.01(a).

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (Vernon Supp. 2009), *last amended* Acts 2007, 80th Leg., ch. 1006, § 3, eff. Sept. 1, 2007; Acts 2007, 80th Leg., ch. 1006, § 4, eff. Sept. 1, 2007.

burden of establishing facts in support of a motion to suppress.[5]

Gutierrez filed a motion to reconsider, but the trial judge denied it. The judge specifically stated that the "request for appointment of counsel fails to allege facts which would form the basis of a finding that the motion was reasonable."

Gutierrez filed a notice of appeal. Before us, Gutierrez contends that the trial judge erred in concluding that his request for counsel failed to establish reasonable grounds for the filing of a motion for DNA testing.

**Analysis**

Texas Code of Criminal Procedure Chapter 64 defines the procedures for a convicted person to obtain post-conviction DNA testing. Article 64.01(c) establishes when a convicted person is entitled to appointed counsel when intending to file a motion for post-conviction DNA testing. The entitlement to appointed counsel is not absolute; it is conditioned on three criteria.[6] First, the convicted person must inform the trial judge that he or she wants to submit a motion.[7] Second, the trial judge must find that "reasonable grounds" exist for the filing of a motion.[8] And third, the trial judge must find that the convicted person is indigent.[9]

---

[5] *Calloway v. State*, 743 S.W.2d 645, 650 (Tex. Crim. App. 1988).

[6] TEX. CODE CRIM. PROC. ANN. art. 64.01(c).

[7] *Id.*

[8] *Id.*

[9] *Id.*

We cannot consider whether the trial judge erred in denying Gutierrez's request for appointed counsel until we decide whether an order denying appointed counsel under Article 64.01(c) is immediately appealable. If the trial judge's order denying Gutierrez appointed counsel is not immediately appealable, then we do not have jurisdiction to address the merits of his claim.

As amended in 2003, Article 64.05 governs appeals under Chapter 64:

> An appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person was convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal appeals.[10]

In all appeals under Article 64.05 the "applicable filing and time requirements found in the Rules of Appellate Procedure" apply.[11] Thus, the right of a convicted person to appeal is set out in Texas Rule of Appellate Procedure 25.2(a)(2).[12] In pertinent part, Rule 25.2(a)(2) provides that a convicted person has the right to appeal under Article 44.02, Texas Code of Criminal Procedure, and the appellate rules. Under Rule 25.2(a)(2), there must be "a judgment of guilt or other appealable order." There is no judgment of guilt in Chapter 64 proceedings, but we have said an order denying DNA testing is an "appealable order" under Rule 25.2(a)(2).[13] The trial judge is required to certify a convicted person's right to appeal

[10] TEX. CODE CRIM. PROC. ANN. art. 64.05.

[11] *Id.*; *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006).

[12] TEX. R. APP. P. 25.2(a)(2).

[13] *Swearingen*, 189 S.W.3d at 780.

each time an appealable order is entered.[14]  And a convicted person must file a notice of appeal within thirty days after the date that the trial judge enters an appealable order.[15]

The question at issue is whether a judge's refusal to appoint counsel under Article 64.01(c) is, in and of itself, an "appealable order" within the meaning of 25.2(a)(2).  The majority of courts of appeals that have addressed this issue have held that a convicted person may immediately appeal a trial judge's decision to deny appointed counsel under Article 64.01(c).[16]  These courts have relied on the Seventy-Eighth Legislature's expansive amendment to the text in Article 64.05.[17]  Before September 1, 2003, appeals were limited to determinations made under Articles 64.03 and 64.04.[18]  The Seventy-Eighth Legislature amended Article 64.05 to broaden the right to appeal under Chapter 64.[19]

The Beaumont Court of Appeals has held that an order denying appointed counsel is not immediately appealable.[20]  The Beaumont court reasoned, "[A]n order regarding

---

[14]  *Id.*

[15] T EX. R. APP. P. 26.2(a); *Swearingen*, 189 S.W.3d 779, 780-81.

[16]  *Bright v. State*, 296 S.W.3d 329, 330 (Tex. App.—Amarillo 2009);  *Atkins v. State*, 262 S.W.3d 413, 415 (Tex. App.—Houston [14th Dist.] 2008); *In re Franklin*, No. 03-07-00563-CR, 2008 Tex. App. LEXIS 4545, at *1-10 (Tex. App.—Austin June 19, 2008) (not designated for publication).

[17]  *Atkins*, 262 S.W.3d at 415.

[18]  *Added by* Acts 2001, 77th Leg., ch. 2, § 2, eff. Apr. 5, 2001.

[19]  *Amended by* Acts 2003, 78th Leg., ch. 13, § 5, eff. Sept. 1, 2003.

[20]  *Conlin v. State*, 221 S.W.3d 907, 908 (Tex. App.—Beaumont 2007).

appointment of counsel is an interlocutory ruling that does not finally dispose of the issue of whether a convicted person is entitled to testing."[21] The Texarkana Court of Appeals has considered the merits of an appeal from the denial of a request for counsel without considering its jurisdiction to do so,[22] while in another case, the same court considered the denial of a request for counsel on an appeal following the denial of a motion for DNA testing.[23]

Initially, we observe that there is a difference between issues that may be litigated on appeal and issues that are immediately appealable. The Seventy-Eighth Legislature's expansive text revision to Article 64.05 leads us to conclude that a convicted person may indeed challenge a trial judge's refusal to appoint counsel.[24] As noted above, before 2003, a convicted person was limited to challenging a trial judge's determination under Articles 64.03 and 64.04 on appeal.[25] The 2003 revision makes sense in light of the Legislature's amendment to Article 64.01(c), which made the appointment of counsel dependent, in part,

[21] *Id.*

[22] *Spruce v. State*, No. 06–5-00077-CR, 2005 Tex. App. LEXIS 6548, at *3-4 (Tex. App.—Texarkana Aug. 17, 2005) (not designated for publication).

[23] *James v. State*, 196 S.W.3d 847, 848-50 (Tex. App.—Texarkana 2006).

[24] *See Wolfe v. State*, 120 S.W.3d 368, 372 n.5 (Tex. Crim. App. 2003) (observing that the Seventy-Eighth Legislature broadened the scope of Chapter 64 to include appeals not previously permitted).

[25] *Added by* Acts 2001, 77th Leg., ch. 2, § 2, eff. Apr. 5, 2001.

on the trial judge's discretion.[26]  Before 2003, appointed counsel was mandatory.[27]  A trial judge's refusal to appoint counsel was not appealable;[28] rather, the inability of a trial judge to exercise any discretion in deciding whether to appoint counsel made the refusal to do so subject to mandamus relief.[29]  The courts of appeals that have concluded that a trial judge's decision to deny appointed counsel is an appealable event have seemed to confuse the difference between an issue that may be litigated on appeal and an issue that forms the basis of an immediately appealable order.  An appealable issue is not always immediately appealable under Rule 25.2(a)(2).  In fact, as a general rule interlocutory appeals are viewed as an extraordinary measure and are rarely permitted.[30]

We conclude that the decision to deny appointed counsel is not an "appealable order" under Rule 25.2(a)(2).  Such an appeal is premature; a motion for appointed counsel is a preliminary matter that precedes the initiation of Chapter 64 proceedings.  At this stage, a

---

[26] *Amended by* Acts 2003, 78th Leg., ch. 13, § 5, eff. Sept. 1, 2003.

[27]  *Added by* Acts 2001, 77th Leg., ch. 2, § 2, eff. Apr. 5, 2001; *Winters v. Presiding Judge of The Crim. Dist. Court No. Three*, 118 S.W.3d 773, 774 (Tex. Crim. App. 2003).

[28]  *Winters*, 118 S.W.3d at 775.

[29]  *Id.*

[30]  *See Ex parte Doster*, No. PD-0504-09, 2010 Tex. Crim. App. LEXIS 6, at *9, 19 (Tex. Crim. App. Feb. 13, 2010); *Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007); *Morgan v. State*, 160 S.W.3d 1, 4-5 (Tex. Crim. App. 2004).

convicted person has only contemplated the filing of a motion for DNA testing.[31]   A request for appointed counsel in no way legally binds the convicted person to file a motion for DNA testing.   A convicted person may always opt to decline to pursue DNA testing, even after consulting with counsel. Or a convicted person may attempt to cure any deficiencies in an initial request for appointed counsel by filing another request.  Indeed, there is no limit to the number of requests for appointed counsel that a convicted person may make.  Thus, in our view, it would be a waste of judicial resources to entertain a challenge to a trial judge's refusal to appoint counsel when the convicted person has not yet initiated Chapter 64 proceedings.  The better course is for a convicted person to file a motion for DNA testing and, if and when the motion is denied, appeal any alleged error made by the trial judge in refusing to appoint counsel.  If a reviewing court determines that the trial judge erred in failing to appoint counsel, then the case will be remanded to the trial court so the convicted person can file a subsequent motion for DNA testing with the assistance of counsel.

## Conclusion

We hold that an order denying appointed counsel under Article 64.01(c) is not an immediately appealable order under Rule 25.2(a)(2).   Therefore, we dismiss this appeal because we do not have jurisdiction to consider Gutierrez's claim that the trial judge erred in denying his request for appointed counsel.

---

[31]TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (the convicted person must inform the court that he or she "wishes" to submit a motion for DNA testing).

DATE DELIVERED: March 24, 2010
PUBLISH