# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===========================

## ON MOTION FOR REHEARING

===========================

### NO. 03-09-00662-CR

**In re Charles Raymond Lee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 03-798-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment issued March 12, 2010, and substitute the following opinion in place of the earlier one.

Charles Raymond Lee is serving life sentences imposed following his 2005 convictions in Williamson County for two counts of aggravated sexual assault. On October 28, 2009, the district clerk filed Lee's pro se notice of appeal from what was purported to be an order by the district clerk dated October 20, 2009, denying Lee's motion for post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2009). The clerk forwarded a copy of the notice of appeal to this Court, and the appeal was docketed on November 4, 2009.

On February 12, 2010, the Court notified the district clerk that the clerk's record was overdue. On February 19, the Court received a letter from the district clerk stating that "neither a Motion nor an Order regarding DNA testing has been received from [Lee]. Nor has the [district] court signed an order denying or granting a request for DNA testing." On the same day, the Court received and filed a clerk's record containing the pro se notice of appeal and related pro se documents filed by Lee, but containing no motions or orders under chapter 64. The Court later received a pro se motion from Lee asking that he be allowed to appeal an order denying his request for counsel in the chapter 64 proceeding.

On March 12, 2010, relying on the information we had received from the district clerk, we dismissed this appeal for want of jurisdiction because it appeared that "the district court has made no appealable orders denying counsel or DNA testing under chapter 64." Three days later, on March 15, the Court received a supplemental clerk's record containing a copy of the district court's order, dated and filed October 20, 2009, denying Lee's motion for appointment of counsel pursuant to article 64.01.[1] *Id*. art. 64.01(c). Lee's motion for rehearing, to which a copy of the district court's order was attached, was received and filed on March 29. Asked to respond, the State agrees that the appeal should not have been dismissed for the reason it was.[2]

The State asserts, however, that the appeal should nevertheless be dismissed in light of the recent holding by the court of criminal appeals that the refusal to appoint counsel under article 64.01(c) is not an appealable order under Texas Rule of Appellate Procedure 25.2(a)(2). *Gutierrez*

---

[1] The supplemental clerk's record does not contain a copy of the motion itself.

[2] We assume that the district clerk's failure to forward a copy of the district court's order to this Court, and the clerk's statement to the Court that no order had been filed, were simple mistakes.

*v. State*, No. AP-76,186, 2010 Tex. Crim. App. LEXIS 99, at *10 (Tex. Crim. App. Mar. 24, 2010).

The court wrote:

> Such an appeal is premature . . . . The better course is for a convicted person to file a motion for DNA testing and, if and when the motion is denied, appeal any alleged error made by the trial judge in refusing to appoint counsel. If a reviewing court determines that the trial judge erred in failing to appoint counsel, then the case will be remanded to the trial court so the convicted person can file a subsequent motion for DNA testing with the assistance of counsel.

*Id*. at *10-11. In other words, the refusal to appoint counsel is an appealable issue, but not on an interlocutory basis. The convicted person must instead seek DNA testing without the assistance of counsel, and raise the issue (in a pro se appeal) if and when testing is denied.

Nevertheless, in light of *Gutierrez*, Lee may not appeal at this time the district court's October 20, 2009, order refusing to appoint counsel to assist Lee in a chapter 64 proceeding. If he has not already done so, Lee must file a pro se motion for DNA testing. The district court's refusal to appoint counsel may be appealed if and when the court denies the testing motion.

The motion for rehearing is overruled. The appeal is dismissed for want of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed: May 14, 2010

Do Not Publish