COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                      NOS.  2-10-250-CR

        2-10-251-CR

 

 

TONY CHAVEZ                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Tony Chavez filed a notice of appeal from a May 21, 2010 order denying his
Second Motion for Appointment of Counsel Under Article 64.01 of the Code of
Criminal Procedure for Post-Conviction Forensic DNA Testing.  See Tex. Code Crim. Proc. Ann. art.
64.01 (Vernon Supp. 2009).  Concerned
that we did not have jurisdiction over these appeals, we sent a letter to
Appellant requesting a response by July 9, 2010, showing grounds for continuing
the appeals.  On July 8, 2010, Appellant
filed a response contending that DNA testing should have been allowed because
identity was the central issue in the underlying cases.  However, the court of criminal appeals
recently held that Athe decision to deny appointed
counsel is not an >appealable order= under
Rule 25.2(a)(2).@ 
Gutierrez v. State, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010); see
Tex. R. App. P. 25.2(a)(2).  Because Appellant
attempts to appeal the trial court=s denial
of his motion for appointment of counsel rather than a final order denying a
motion for DNA testing under article 64.01, we have no jurisdiction to consider
these appeals.  See Gutierrez, 307
S.W.3d at 322B23.  Accordingly, we dismiss these appeals for
lack of jurisdiction.  See id;
Tex. R. App. P. 43.2(f).

PER CURIAM

 

PANEL:  GARDNER, WALKER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 29, 2010











[1]See Tex. R. App. P. 47.4.