Opinion issued August 11, 2011.

 



 

 

 

 

              

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-10-00423-CR

____________

 

CLYDE URA CAIN, SR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 228th District Court 

Harris County, Texas

Trial Court Cause No. 578488

 

 



MEMORANDUM  OPINION

          Appellant, Clyde Ura Cain, Sr.,
attempts to appeal from the trial court’s order denying his request for
appointed counsel to assist in filing for post-conviction DNA testing under Texas
Code of Criminal Procedure article 64.01. See
Tex. Code Crim. Proc. Ann. art.
64.01 (West Supp. 2010).  

          We dismiss.

 “[A] motion for appointed counsel
is a preliminary matter that precedes the initiation of Chapter 64 proceedings.”
Gutierrez v. State, 307 S.W.3d 318,
323 (Tex. Crim. App. 2010).  “At this
stage, a convicted person has only contemplated the filing of a motion for DNA
testing.”  Id. (citing Tex. Code Crim.
Proc. Ann. art. 64.01(c) (providing that defendant must inform trial
court that he “wishes” to submit motion for DNA testing)). Thus, a trial
court’s order denying a request for the appointment of counsel under article
64.01(c) is not immediately appealable under Rule of Appellate Procedure
25.2(a)(2).  Id.; see Tex. R. App. P. 25.2(a)(2).  Any alleged error made by the trial court in
refusing to appoint counsel must be raised in an appeal from the final order denying
DNA testing.  Id.  If a reviewing court
determines that the trial court erred by failing to appoint counsel, the case
is then remanded to the trial court for the appellant to file a subsequent
motion for DNA testing with the assistance of counsel.  Id.

Here, because appellant attempts to appeal the trial court’s denial of
his motion for the appointment of counsel, rather than a final order denying a
motion for DNA testing under article 64.01, we lack jurisdiction to consider
the appeal. See id.  

Accordingly, we dismiss the appeal
for lack of jurisdiction. See id.; Tex. R. App. P. 43.2(f).  All pending motions are dismissed as moot.

 

PER CURIAM

Panel consists of Chief Justice
Radack and Justices Brown and Huddle.

Do not publish.   Tex.
R. App. P. 47.2(b).