NO. 07-11-0482-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 5, 2012

_____

THE STATE OF TEXAS,

Appellant

v.

DEBRA MASSINGHAM,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1217; HONORABLE STEVEN RAY EMMERT, PRESIDING

_____

*Dismissal*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before us is an appeal by Preferred Beef Group from an order denying its motion to quash a subpoena served on its custodian of records. The subpoena was served upon Beef by Debra Massingham as part of a criminal proceeding initiated by the State against Massingham. The trial court purportedly denied Beef's motion to quash the directive. We dismiss for want of jurisdiction.

By letter dated December 14, 2011, we directed Beef to inform this court why we have jurisdiction over the appeal. In response to our letter, Beef did not deny that the

order from which it sought to appeal is interlocutory. Nor did it explain why our very limited authority to entertain interlocutory appeals encompassed the circumstances before us. Rather, we were told that 1) the matter could be reviewed via a petition for writ of mandamus, 2) we previously held, in *Martin v. Darnell*, 960 S.W.2d 838 (Tex. App.–Amarillo 1997, no writ), that the "proper method of redress for a denial of a motion to quash a subpoena [served] on a non-party in a criminal matter" was through applying for mandamus relief, and 3) Beef intended to file a petition for writ of mandamus. Yet, we have no petition for mandamus before us, and an appeal is not such a proceeding.

Interlocutory appeals are extraordinary measures and rarely permitted. *Gutierrez v. State,* 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). And, unless it is specifically authorized by statute, we lack jurisdiction over them. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (stating that our jurisdiction over appeals extends only to those arising from a final judgment or those provided for by statute). Since we know of no statute that allows us to review, *via an appeal*, the trial court's interlocutory decision to deny the motion to quash, we lack jurisdiction over this appeal and dismiss it.[1]

Brian Quinn
Chief Justice

Do not publish.

---

[1]Preferred Beef Group's motion for an extension of time to file a writ of mandamus is denied as moot since there is no time deadline by which one must request such relief.