NO. 07-11-0482-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JANUARY 5, 2012
--------------------------------------------------------------------------------

 
 THE STATE OF TEXAS, 
 
 Appellant 
 v.
 
 DEBRA MASSINGHAM, 
 
 Appellee
 _____________________________
 
 FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;
 
 NO. 1217; HONORABLE STEVEN RAY EMMERT, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Dismissal
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Pending before us is an appeal by Preferred Beef Group from an order denying its motion to quash a subpoena served on its custodian of records. The subpoena was served upon Beef by Debra Massingham as part of a criminal proceeding initiated by the State against Massingham. The trial court purportedly denied Beef's motion to quash the directive. We dismiss for want of jurisdiction. 
 By letter dated December 14, 2011, we directed Beef to inform this court why we have jurisdiction over the appeal. In response to our letter, Beef did not deny that the order from which it sought to appeal is interlocutory. Nor did it explain why our very limited authority to entertain interlocutory appeals encompassed the circumstances before us. Rather, we were told that 1) the matter could be reviewed via a petition for writ of mandamus, 2) we previously held, in Martin v. Darnell, 960 S.W.2d 838 (Tex. App. - Amarillo 1997, no writ), that the "proper method of redress for a denial of a motion to quash a subpoena [served] on a non-party in a criminal matter" was through applying for mandamus relief, and 3) Beef intended to file a petition for writ of mandamus. Yet, we have no petition for mandamus before us, and an appeal is not such a proceeding. 
 Interlocutory appeals are extraordinary measures and rarely permitted. Gutierrez v. State, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). And, unless it is specifically authorized by statute, we lack jurisdiction over them. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (stating that our jurisdiction over appeals extends only to those arising from a final judgment or those provided for by statute). Since we know of no statute that allows us to review, via an appeal, the trial court's interlocutory decision to deny the motion to quash, we lack jurisdiction over this appeal and dismiss it. 

 Brian Quinn 
 Chief Justice
Do not publish.