

NUMBER 13-11-00781-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### EX PARTE JOSE MANUEL MAGANA SURIA

On appeal from the 139th District Court
of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion Per Curiam

Appellant was convicted of the first-degree felony offense of murder. *See* TEX. PENAL CODE ANN. § 19.02(c) (Vernon 2003). On November 10, 2011, the trial court entered an order denying appellant's request for the appointment of counsel to file a motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01, *et. seq.* (West Supp. 2010). Appellant filed a pro se notice of appeal regarding this order.

On December 22, 2011, the Clerk of this Court notified appellant that it appeared that the order is not appealable and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant filed a response to this notice, stating that even though the motion is styled as an ex parte matter, the Court has jurisdiction.

The denial of a motion for appointment of counsel in a proceeding involving a motion for post-conviction DNA testing is not immediately appealable, but the issue may be raised on appeal from an order denying a motion for DNA testing. *See Gutierrez v. State*, 307 S.W.3d 318, 322-23 (Tex. Crim. App. 2010) ("The better course is for a convicted person to file a motion for DNA testing and, if and when the motion is denied, appeal any alleged error made by the trial judge in refusing to appoint counsel. If a reviewing court determines that the trial judge erred in failing to appoint counsel, then the case will be remanded to the trial court so the convicted person can file a subsequent motion for DNA testing with the assistance of counsel."). Thus, the order denying appointed counsel under Chapter 64 is not an appealable order under Texas Rule of Appellate Procedure 25.2(a)(2). *See* TEX. R. APP. P. 25.2(a)(2).

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
8th day of March, 2012.

2