

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00261-CR

DARRELL WAYNE PHILLIPS                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Darrell Wayne Phillips attempts to appeal the trial court's denial of his motion for appointment of counsel for post-conviction DNA testing. We dismiss for lack of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts**

On March 30, 1995, a jury convicted Appellant of involuntary manslaughter, and the jury assessed his punishment at sixty-seven years' imprisonment. This court affirmed his conviction. *See Phillips v. State*, No. 02–95–00136–CR, slip op. at 6 (Tex. App.—Fort Worth Sept. 26, 1996, no pet.) (mem. op., not designated for publication).

On August 7, 2007, Appellant filed a motion for appointment of counsel for DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2012). An attorney was appointed to represent him, and Appellant filed his request for DNA testing on October 8, 2010. The trial court denied Appellant's request because his defense at trial had been that the shooting was an accident, an eyewitness testified that Appellant had shot the victim, and Appellant's common-law wife testified that Appellant had admitted to her that he had shot the victim. This court affirmed the trial court's denial of Appellant's request for DNA testing. *See Phillips v. State*, No. 02-10-00560-CR, 2011 WL 4415494 (Tex. App.—Fort Worth Sept. 22, 2011, pet. ref'd) (mem. op., not designated for publication).

On or about March 20, 2013, Appellant filed a second request for appointment of counsel to assist in preparing a motion for post-conviction DNA testing.[2] The trial court denied the motion, stating that "there are no reasonable

---

[2]The motion in the record before us does not bear a file-mark stamp indicating on what date it was filed. The certificate of service attached to the motion states that Appellant mailed the motion on March 20, 2013.

grounds on which a motion can be filed under article 64.01." Appellant then filed this appeal.

## Discussion

The State contends that an order denying a request for counsel for filing a chapter 64 motion for DNA testing is not an appealable order, and thus we should dismiss Appellant's appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2).

An order denying DNA testing is an "appealable order" under rule 25.2(a)(2). *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). However, the decision to deny appointed counsel is not. *Id.* at 323 ("Such an appeal is premature; a motion for appointed counsel is a preliminary matter that precedes the initiation of Chapter 64 proceedings."). The trial court's order that Appellant now appeals denied his request for appointed counsel. It did not deny a request for DNA testing, nor is there such a request in the record before us. Because Appellant attempts to appeal the trial court's denial of his motion for appointment of counsel rather than a final order denying a motion for DNA testing under article 64.01, we have no jurisdiction to consider his appeal. *See id.* at 322–23. Accordingly, we dismiss this appeal for lack of jurisdiction. *See id.*; Tex. R. App. P. 43.2(f).

3

## Conclusion

Having determined that we have no jurisdiction over Appellant's appeal, we dismiss this appeal for lack of jurisdiction.


LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 24, 2013

4