

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00410-CR

ALLEN KEITH ANDERSON SR.                      APPELLANT

V.

THE STATE OF TEXAS                            STATE

----------

## FROM CRIMINAL DISTRICT COURT ONE OF TARRANT COUNTY
## TRIAL COURT NO. 1190510D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Allen Keith Anderson Sr. attempts to appeal an order denying his request for the appointment of counsel to assist him in filing a motion for post-conviction DNA testing.  We hold such an order is interlocutory and dismiss his appeal for want of jurisdiction.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

On October 28, 2010, Appellant was sentenced to imprisonment for six years in the Institutional Division of the Texas Department of Criminal Justice for the offense of sexual assault.

On June 5, 2014, Appellant filed a pro se "Request for Appointment of Counsel Pursuant to Article 64, Code of Criminal Procedure." Appellant wanted the assistance of counsel for the purpose of submitting a motion for DNA testing under article 64. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2014) (requiring appointment of counsel if (1) the person informs the court that the person wants to file a motion for DNA testing, (2) the court finds reasonable grounds for a motion to be filed, and (3) the court determines that the person is indigent). Appellant attached a "Declaration of Inability to Pay Cost."

On August 7, 2014, the trial court signed an order denying Appellant's "Request for Appointment of Counsel" because identity was not an issue and because there were no reasonable grounds for a motion for DNA testing.

On August 26, 2014, Appellant filed a notice of appeal and identified the August 7, 2014 order denying his "Motion for Appointment of Counsel" as the order he wanted to appeal.

On January 2, 2015, Appellant filed a "Motion to Abate Appeal." Appellant wanted the appeal abated so he could obtain a copy of the record and prepare his brief and so that he could file a motion for new trial.

On January 7, 2015, this court wrote Appellant, informed Appellant he was appealing an interlocutory order, and instructed him to file a final order by January 20, 2015. The court's letter relied on *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). The court informed Appellant that if no order was signed and furnished by January 20, 2015, his appeal would be dismissed for want of jurisdiction.

On January 22, 2015, Appellant filed a letter in which he indicated he had moved to a transitional center and provided the court with his new address. Appellant gave no indication of having received this court's January 7, 2015 letter.

On January 29, 2015, the court sent Appellant the same letter that it had sent him on January 7, 2015. This letter, however, was sent to Appellant's new address. The court gave Appellant until February 9, 2015, to file a final order.

On February 4, 2015, Appellant filed a letter in which he acknowledged he had until February 9, 2015, to respond. On February 9, 2015, Appellant filed another letter in which he asserted the court had jurisdiction over the order denying counsel. Although unclear, Appellant appears to understand the issue as being one of timeliness and not one of finality.

**Discussion**

An order denying the appointment of counsel is not a final, appealable order. *Gutierrez*, 307 S.W.3d at 323. An appeal of the order denying counsel is premature because, at this stage, the convicted person has only contemplated filing a motion for DNA testing. *Id.*

> The better course is for a convicted person to file a [pro se] motion for DNA testing and, if and when the motion is denied, appeal any alleged error made by the trial judge in refusing to appoint counsel. If a reviewing court determines that the trial judge erred in failing to appoint counsel, then the case will be remanded to the trial court so the convicted person can file a subsequent motion for DNA testing with the assistance of counsel.

*Id.*

Our review of the clerk's record shows that the only motion Appellant filed was his motion for the appointment of counsel. Appellant has not filed a motion for DNA testing. It necessarily follows that the trial court has not denied any such motion. *Gutierrez* requires this court to dismiss Appellant's appeal as premature. *Id.*; *Chavez v. State*, Nos. 02-10-00250-CR, 02-10-00251-CR, 2010 WL 3001176, at *1 (Tex. App.—Fort Worth July 29, 2010, no pet.) (mem. op., not designated for publication).

## Conclusion

Because an order denying appointed counsel under article 64.01(c) of the Texas Code of Criminal Procedure is not an immediately appealable order, we dismiss this appeal for want of jurisdiction.  Appellant's motion to abate the appeal is dismissed for want of jurisdiction as well.  Tex. R. App. P. 43.2(f).

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 26, 2015

5