# NO. 12-14-00319-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEMETRIC LEWIS ALFRED,* *APPELLANT* | *§* | *APPEAL FROM THE 159TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Demetric Lewis Alfred appeals the trial court's order denying his motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. He raises one issue on appeal. We dismiss for want of jurisdiction.

## BACKGROUND

An Angelina County grand jury indicted Appellant for the offense of capital murder on March 28, 2001. Appellant pleaded guilty to the offense and was sentenced to imprisonment for life. On March 27, 2013, Appellant filed a motion seeking the appointment of counsel to represent him in preparing and filing a motion for DNA testing under Chapter 64.

On September 15, 2014, the trial court issued an "Order Regarding Post-Conviction DNA Testing" that "denied" Appellant's "request for Post[]Conviction forensic DNA testing." This appeal followed.

## JURISDICTION

In his brief, Appellant contends the trial court erred by denying his "motion for post[]conviction DNA testing."

The trial court's order states that Appellant did not establish he would not have been convicted if exculpatory results had been obtained through DNA testing and further states his request for post conviction DNA testing "should be denied." However, Appellant never filed an actual motion for post conviction DNA testing.

Upon receiving Appellant's motion for appointed counsel, the trial court appointed counsel to investigate "the availability of remedies" Appellant had under Chapter 64. The trial court further instructed counsel to "advise the Court by written report as to whether grounds exist for findings by the court pursuant to Article 42.03(a), Texas Code of Criminal Procedure, whereby a Motion for Forensic DNA Testing should be filed and heard by this court."

Appellant filed only a motion for appointed counsel (and a declaration of indigency). The attorney appointed to investigate Appellant's claim never filed a motion for DNA testing on Appellant's behalf. Thus, at this stage of the proceeding, Appellant has "only contemplated the filing of a motion for DNA testing." *See Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). Consequently, we deem the trial court's September 15, 2014 order solely as an order denying Appellant's request for the appointment of counsel. *See, e.g.*, *Lipscomb v. State*, No. 06-15-00033-CR, 2015 WL 2090923, at *1 (Tex. App.—Texarkana 2015, no pet.) (mem. op., not designated for publication).

An order denying the appointment of counsel in a Chapter 64 proceeding is not an appealable order under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(a)(2); *Gutierrez*, 307 S.W.3d at 323. Accordingly, we have no jurisdiction to consider the merits of Appellant's claim. *See id.*

## DISPOSITION

Because we have no jurisdiction to consider the merits of Appellant's claim, we *dismiss* this appeal.

**GREG NEELEY**
Justice

Opinion delivered June 17, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 17, 2015

NO. 12-14-00319-CR

**DEMETRIC LEWIS ALFRED,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CR-22090-AA)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*