

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00459-CR

KEITH DEMONT MCCUIN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1139277D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Keith Demont McCuin attempts to appeal from the trial court's order denying his request for appointed counsel to assist him in filing a postconviction motion for DNA testing.[2]  On December 14, 2015, we sent

---

[1]See Tex. R. App. P. 47.4.

[2]One document that has been submitted to this court indicates that some biological material has already been tested.  Appellant appears to challenge the qualifications of the person who completed the test.

appellant a letter informing him that we had received his notice of appeal and expressing our concern that we lack jurisdiction because there is no final judgment or order subject to appeal. Appellant has not responded to our letter.

A trial court's denial of a request for appointed counsel to file a postconviction motion for DNA testing is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 319 (Tex. Crim. App. 2010). "Such an appeal is premature; a motion for appointed counsel is a preliminary matter that precedes the initiation of Chapter 64 proceedings." *Id.* at 323. Therefore, we dismiss this appeal because we do not have jurisdiction to consider appellant's claim that the trial court erred by denying his request for appointed counsel. *See id.*; *Anderson v. State*, No. 02-14-00410-CR, 2015 WL 1407575, at *2 (Tex. App.—Fort Worth Mar. 26, 2015, no pet.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 18, 2016

---

In the order denying appellant's request for appointed counsel, the trial court found that there were "no reasonable grounds on which a motion [could] be filed under article 64.01 and therefore [denied] any request to appoint counsel." *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2015).