# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00006-CR
NO. 03-17-00007-CR

**Frank Joseph, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NOS. D-1-DC-04-904186 & D-1-DC-04-904187,
THE HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In these two appeals, appellant Frank Joseph, Jr. attempts to appeal the trial court's denial of his request for appointed counsel pursuant to Chapter 64 of the Texas Code of Criminal Procedure.

Chapter 64 of the Code of Criminal Procedure establishes the procedures for a convicted person to obtain post-conviction DNA testing. Under the statute, an indigent convicted person intending to file a motion for post-conviction DNA testing has a limited right to appointed counsel to pursue DNA testing. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011); *see Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (entitlement to appointed counsel in Chapter 64 post-conviction DNA proceeding "is not absolute"); Tex. Code Crim. Proc. art. 64.01(c) (establishing prerequisites for appointment of counsel in Chapter 64 post-conviction

DNA testing proceeding). In addition, the statute authorizes an appeal "under this chapter . . . in the same manner as an appeal of any other criminal matter." Tex. Code Crim. Proc. art. 64.05. However, the trial court's decision to deny a request for appointed counsel to assist in filing a motion for post-conviction DNA testing is not immediately appealable. *Gutierrez*, 307 S.W.3d at 322–23; (recognizing distinction between "issues that may be litigated on appeal and issues that are immediately appealable"); *Padilla v. State*, No. 03-12-00299-CR, 2013 WL 3185896, at *3 (Tex. App.—Austin June 20, 2013, pet. ref'd) (mem. op., not designated for publication). Rather, the convicted person may appeal any alleged error in the trial court's refusal to appoint counsel in an appeal of the trial court's denial of the motion requesting DNA testing. *Gutierrez*, 307 S.W.3d at 322–23; *Padilla*, 2013 WL 3185896, at *3.

Accordingly, because an order denying appointed counsel under Chapter 64 is not an appealable order, we dismiss these appeals for lack of jurisdiction. *See Padilla*, 2013 WL 3185896, at *3.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Pemberton, and Goodwin

Dismissed for Want of Jurisdiction

Filed: February 3, 2018

Do Not Publish