**DISMISS; and Opinion Filed January 29, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00039-CR

### CHRISTOPHER ARIC RADKE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-9602380-N**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Boatright

Christopher Aric Radke appeals the denial of his motion for appointment of counsel to pursue post-conviction DNA testing. We dismiss this appeal for lack of jurisdiction.

### BACKGROUND

Radke was convicted of murdering his wife. The trial court assessed punishment at life imprisonment. This Court affirmed Radke's conviction in 1999. *Radke v. State*, No. 05-97-01978-CR, 1999 WL 455514, at *1–5 (Tex. App.—Dallas July 7, 1999, pet. ref'd) (not designated for publication). Radke has since filed three post-conviction motions pursuant to Article 64.01 of the Code of Criminal Procedure. First, Radke in 2011 filed a motion requesting the appointment of counsel to pursue forensic DNA testing. The trial court denied Radke's motion, and Radke appealed. This Court dismissed the appeal for lack of jurisdiction on the basis that an order denying

appointment of counsel for post-conviction DNA testing is not an appealable order. No. 05-11-01136-CR, 2011 WL 3862646, at *1 (Tex. App.—Dallas Sept. 1, 2011, no pet.) (mem. op., not designated for publication) (citing *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010)). Second, Radke in October 2011 filed a motion for forensic DNA testing, which the trial court denied. This Court affirmed the trial court's order on appeal. No. 05-13-00963-CR, 2014 WL 1920473, at *1 (Tex. App.—Dallas May 13, 2014, no pet.) (mem. op., not designated for publication).

Rake's third post-conviction motion is the one at issue in this appeal. Specifically, Radke in October 2016 filed a "Motion for Appointment of Counsel for Proceeding Under Chapter 64 Motion for DNA Testing." The motion was based on newly discovered evidence, i.e., the affidavit of Harry J. Bonnell, M.D., a forensic pathologist. Dr. Bonnell opined that (i) the State's forensic expert testimony at trial regarding the victim's shotgun entry-wound was contradicted by other trial evidence, and (ii) DNA testing was necessary regarding the blood spatter on the pants worn by Radke at the time of the offense. The trial court signed an order denying Radke's motion. The court's order described Radke's motion as requesting both the appointment of counsel *and* post-conviction DNA testing. This appeal followed.

### ANALYSIS

Article 64.01(c) of the Code of Criminal Procedure establishes when a convicted person who intends to file a motion for post-conviction DNA testing is entitled to appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2017); *Gutierrez*, 307 S.W.3d at 321. A trial court's decision to deny appointed counsel is not an "appealable order" under Rule of Appellate Procedure 25.2(a). *Gutierrez*, 307 S.W.3d at 323 (citing TEX. R. APP. P. 25.2(a)(2)). At this early stage, a convicted person "has only contemplated the filing of a motion for DNA testing." *Id.* Only

after a motion for DNA testing has been filed and denied can a convicted person appeal any alleged error made by the trial judge in refusing to appoint counsel. *Id.*

The State contends that the trial court's order should be construed solely as denying a request for appointment of counsel—notwithstanding that the order purported to also deny a request for post-conviction DNA testing—on the basis that the appointment of counsel was the only relief that Radke requested in his motion. Two of our sister courts have so held under identical circumstances and have dismissed the appeals before them for lack of jurisdiction, as required by *Gutierrez. Alfred v. State*, No. 12-14-00319-CR, 2015 WL 3777213, at *1 (Tex. App.—Tyler June 17, 2015, no pet.) (mem. op,, not designated for publication); *Lipscomb v. State*, No. 06-15-00033-CR, 2015 WL 2090923, at *1–2 (Tex. App.—Texarkana May 6, 2015, no pet.) (mem. op., not designated for publication). The State seeks to dismiss Radke's appeal in this case for the same reason.

Radke responds that he "effectively made his argument for testing and for counsel in the same motion," and he cites by analogy to case law holding that a complaint preserves error for appeal if it is sufficient to make the trial court aware of its grounds. *Duke v. State*, 365 S.W.3d 722, 725 (Tex. App.—Texarkana 2012, pet. ref'd). While Radke's motion urged that a "reasonable probability of [his] innocence" warrants proceeding under Article 64.01, we disagree that the motion can be construed as a request for DNA testing. Specifically, the motion argued that Radke "has a statutory right to the appointment of counsel in a proceeding under Article 64.01(c)," and it requested that the trial court "appoint counsel in an Article 64.01 proceeding Motion for Forensic DNA Testing." On its face, Radke's motion is a preliminary request that precedes the initiation of Chapter 64 proceedings, *Gutierrez*, 307 S.W.3d at 323, and it contains no independent request for DNA testing that could itself be construed as initiating such proceedings. We therefore conclude

that the trial court's order denying the motion was not an appealable order under Rule 25.2(a)(2). *Id.*

## CONCLUSION

We have no jurisdiction to consider the merits of Radke's appeal. Accordingly, we grant the State's motion to dismiss, and we dismiss this appeal for lack of jurisdiction.

/Jason Boatright/
———————————————
JASON BOATRIGHT
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2

170039F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CHRISTOPHER ARIC RADKE, Appellant

No. 05-17-00039-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F-9602380-N.

Opinion delivered by Justice Boatright.

Justices Francis and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 29th day of January, 2018.