**Opinion filed September 30, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00280-CR

_____

## PAUL TORRES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 10-4100**

## M E M O R A N D U M   O P I N I O N

Appellant, Paul Torres, attempts to appeal from the trial court's order denying his request for appointed counsel pursuant to Chapter 64 of the Texas Code of Criminal Procedure.

Chapter 64 establishes the procedures for a convicted person to obtain postconviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2018). Under the statute, an indigent convicted person intending to file a motion for postconviction DNA testing has a limited right to appointed counsel. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011); *Gutierrez v. State*,

307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (entitlement to appointed counsel in Chapter 64 postconviction DNA proceeding "is not absolute"); *see also* CRIM. PROC. art. 64.01(c) (establishing prerequisites for appointment of counsel in Chapter 64 postconviction DNA proceeding).  However, an order denying appointed counsel to assist with filing a motion for postconviction DNA testing is not immediately appealable.  *Gutierrez*, 307 S.W.3d at 322–23 (concluding that trial court's decision to deny appointed counsel in Chapter 64 postconviction proceeding is a preliminary matter that precedes the initiation of the proceedings and is not immediately appealable); *see also Whitfield v. State*, 430 S.W.3d 405, 408 n.11 (Tex. Crim. App. 2014).  Rather, the convicted person may raise any alleged error in the trial court's refusal to appoint counsel in an appeal of the trial court's denial of the motion requesting DNA testing.  *Whitfield*, 430 S.W.3d at 408 n.11; *Gutierrez*, 307 S.W.3d at 323.

We notified Appellant of our concern that we lacked jurisdiction over his appeal and requested that he respond showing grounds for continuing the appeal. *See* TEX. R. APP. P. 43.2(f), 44.3; *Guiterrez*, 307 S.W.3d at 323.  Appellant filed a response, but failed to show grounds for continuing the appeal.

Because an order denying appointed counsel under Chapter 64 is not an appealable order, we dismiss this appeal for lack of jurisdiction.

September 30, 2019                                                    PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.