# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00658-CV

---

**In re Ardell Nelson, Jr.**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Ardell Nelson, Jr., was convicted of aggravated sexual assault in 1988. *See* Tex. Penal Code § 22.021. Nelson filed a motion with the district court seeking forensic DNA testing of items collected during the criminal investigation and a motion seeking the appointment of counsel. *See* Tex. Code Crim. Proc. arts. 64.01-.05. Months later, Nelson filed a petition for writ of mandamus challenging the district court's denial of both motions, which Nelson asserts occurred on August 8, 2019.[1]

To be entitled to mandamus relief in a criminal matter, the movant must establish (1) "that he has no adequate remedy at law to redress his alleged harm" and (2) "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State*

---

[1] The appendix to Nelson's petition does not contain a copy of the order or orders denying his requested relief under Chapter 64 of the Code of Criminal Procedure. In fact, the only items included in the appendix are his motions for DNA testing and the appointment of counsel. Accordingly, Nelson has failed to comply with the requirements pertaining to mandamus petitions set out in the Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k) (listing necessary contents for appendix to petition for writ of mandamus); *see also In re Washington*, No. 01-18-00742-CR, 2018 WL 4568982, at *1 (Tex. App.—Houston [1st Dist.] Sept. 25, 2018, orig. proceeding) (per curiam) (mem. op., not designated for publication) (denying mandamus petition where movant failed to include sworn or certified copies of documents).

*ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). "If the relator fails to satisfy either aspect of this two-part test, then relief should be denied." *Id.*

Chapter 64 authorizes an individual seeking DNA testing to appeal a trial court's ruling "in the same manner as an appeal of any other criminal matter." Tex. Code Crim. Proc. art. 64.05; *see Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010) (explaining that if motion for DNA testing is denied, convicted person may "appeal any alleged error made by the trial judge in refusing to appoint counsel"). Accordingly, Nelson had an adequate remedy at law. *See In re Boyer*, No. 08-14-00182-CR, 2014 WL 3863881, at *1 (Tex. App.—El Paso Aug. 6, 2014, orig. proceeding) (mem. op., not designated for publication) (explaining that because article 64.05 of Code of Criminal Procedure authorizes appeal, relator had "an adequate remedy at law"); *In re Johnson*, Nos. 14-11-00116—00117-CR, 2011 WL 665290, at *1 (Tex. App.—Houston [14th Dist.] Feb. 24, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication) (explaining that relator could "raise the issue of alleged noncompliance with chapter in his appeal" and, therefore, had "an adequate remedy at law").

For these reasons, we deny Nelson's petition for writ of mandamus.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Filed: December 18, 2019