

# COURT OF APPEALS

REBECA C. MARTINEZ
  CHIEF JUSTICE
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
IRENE RIOS
BETH WATKINS
LIZA A. RODRIGUEZ
LORI I. VALENZUELA
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.TXCOURTS.GOV/4THCOA.ASPX

MICHAEL A. CRUZ,
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

June 21, 2021

Isidro Ramos
#2150358
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

Lauren D. Zamora
Bexar County District Attorney's
Office
300 Dolorosa, 5th Floor
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

Neil A. Calfas
Law Office of Neil Calfas
540 S. St. Mary's Street
San Antonio, TX 78205
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:     04-20-00564-CR
        Trial Court Case Number:      2015CR9685
        Style:  Isidro Ramos III
                    v.
                The State of Texas

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
MICHAEL A. CRUZ, Clerk of Court

Cecilia Phillips
Deputy Clerk, Ext. 5-3221

cc: Joe D. Gonzales (DELIVERED VIA E-MAIL)
Barbara Paulissen (DELIVERED VIA E-MAIL)


June 21, 2021

No. 04-20-00564-CR

Isidro **RAMOS** III,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR9685
Honorable Lorina I. Rummel, Judge Presiding

## O R D E R

Appellant appeals from the trial court's order denying his motion for post-conviction DNA testing under Chapter 64. The trial court found that "there was sufficient evidence establishing [appellant]'s identity and guild in this cause." In its order, the trial court did "not find reasonable grounds for [appellant's] motion for post-conviction DNA testing to be filed."

On April 29, 2021, appellant filed a pro se brief in this appeal. He now files a motion for appointment of appellate counsel. "An indigent convicted person intended to file a motion for post-conviction DNA testing" "has a limited right to appointed counsel." *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011); *see also* TEX. CODE CRIM. PROC. art. 64.01(c). Entitlement to appointed counsel is "conditioned on the trial judge's finding 'that reasonable grounds exist for the filing of a motion.'" *Ex parte Gutierrez*, 337 S.W.3d at 889 (quoting *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010)); *see also* TEX. CODE CRIM. PROC. art. 64.01(c) ("The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the person is indigent."). "If all of the perquisites set out above are met, the convicting court must order testing." *Ex parte Gutierrez*, 337 S.W.3d at 889-90. "Then, after 'examining the results of testing under Article 64.03, the convicting court must hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.'" *Id*. quoting TEX. CODE CRIM. PROC. art. 64.04).

Here, the trial court in its order did "not find reasonable grounds for [appellant's] motion for post-conviction DNA testing to be filed." Thus, appellant is not entitled to appointed counsel unless that finding by the trial court was erroneous. Accordingly, we carry appellant's motion with the appeal. *See Ex parte Guiterrez*, 337 S.W.3d at 890 (on submission of appeal determining whether appellant was entitled to appointed counsel by considering whether "reasonable grounds" existed for filing of the post-conviction motion for DNA testing).

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of June, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court