

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00033-CR

REGINALD REECE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 20F0364-005

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On February 5, 2024, Reginald Reece pled guilty to theft of property valued at $2,500.00 or more but less than $30,000.00, theft of property valued at less than $2,500.00, and a second count of theft of property valued at less than $2,500.00 in trial court cause numbers 21F0725-005,[1] 20F0970-005,[2] and 20F0292-005,[3] respectively. The State alleged two prior convictions in each of those cases.

In trial court cause number 20F0364-005, on appeal in this matter, the State alleged that Reece committed yet another count of theft of property valued at less than $2,500.00. Pursuant to a plea-bargain agreement, the charge in trial court cause number 20F0364-005 was also considered in trial court cause numbers 21F0725-005, 20F0970-005, and 20F0292-005, resulting in the dismissal of this theft charge. Nevertheless, on February 16, 2024, Reece filed a notice of appeal in trial court cause number 20F0364-005.

In the criminal context, the Texas Legislature has authorized appeals from final judgments and a limited number of appealable interlocutory orders. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). In this case, the trial court entered an order dismissing the charge in trial court cause number 20F0364-005. Therefore, there is no order from which the Texas Legislature has authorized an appeal. *See Babino v. State*, No. 09-24-00153-CR, 2024 WL 2745141, at *1 (Tex. App.—Beaumont May 29, 2024, no pet.) (per curiam) (mem. op., not

---

[1]Reece appeals this theft conviction in our cause number 06-24-00029-CR.

[2]Reece appeals this theft conviction in our cause number 06-24-00030-CR.

[3]Reece appeals this theft conviction in our cause number 06-24-00031-CR.

2

designated for publication) ("Generally, an appeal may be taken by a defendant in a criminal case only after a final conviction.").

On June 7, 2024, we informed Reece of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Reece has not filed a response to our correspondence.

Because the trial court entered an order dismissing the charge in trial court cause number 20F0364-005, there is no final judgment in this cause from which Reece can appeal. Accordingly, we dismiss this appeal for want of jurisdiction.

Charles van Cleef
Justice

Date Submitted:     July 26, 2024
Date Decided:      July 29, 2024

Do Not Publish

3