# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00499-CR[1]

**Robert Lee Martin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 955530, HONORABLE DAVID CRAIN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Robert Lee Martin was charged with and found guilty of aggravated sexual assault. *See* Tex. Pen. Code § 22.021; *Martin v. State*, No. 03-02-00435-CR, 2003 Tex. App. LEXIS 4138, at *1-2 (Tex. App.—Austin May 15, 2003, pet. ref'd) (mem. op., not designated for publication) (affirming conviction); *see also Martin v. Quarterman*, A-08-CA-732-SS, 2009 U.S. Dist. LEXIS 103735, at *2, *44 (W.D. Tex., Aug. 5, 2009) (describing Martin's conviction and recommending that his writ of habeas corpus be denied). Years after his conviction, Martin filed a request seeking the appointment of counsel to help him obtain DNA testing under Chapter 64 of the Code of Criminal Procedure, and the district court granted the motion. *See* Tex. Code Crim. Proc. art. 64.01; *Martin v. State*, No. 03-11-00839-CR, 2014 Tex. App. LEXIS 639, at *1-2 (Tex. App.—Austin

---

[1] When this appeal was originally filed, it was filed under cause number 03-14-00499-CV. Upon reviewing the record in this case, the case has been re-styled to reflect that this appeal pertains to a criminal matter.

Jan. 23, 2014, no pet.) (mem. op., not designated for publication). Martin then requested that testing be performed on the victim's clothing. After the testing was performed, the trial court "concluded that the results were not exculpatory and that, had the results been available at the original trial, it was reasonably probable that Martin would have been convicted." *Martin*, 2014 Tex. App. LEXIS 639, at *2. Following that ruling, Martin filed another request for the appointment of counsel to assist him in obtaining an order for DNA testing.[2] After considering the request, the trial court issued an order denying the request. That denial serves as the basis for this appeal.

On appeal, Martin asserts that the trial court's ruling should be reversed because the assistance of counsel will help him pursue DNA testing relevant to the issue of the identity of the assailant. After Martin filed this appeal, the State filed a motion to dismiss arguing that this Court should dismiss the appeal because the trial court's ruling is not an appealable order.

Chapter 64 outlines the procedure for obtaining post-conviction DNA testing. In a recent opinion, the Court of Criminal Appeals explained that "the decision to deny appointed counsel [under Chapter 64] is not an 'appealable order' under Rule 25.2(a)(2)." *Gutierrez v. State*,

---

[2] We note that prior to filing this request for counsel, Martin also filed a request for the appointment of counsel to help him search the State's DNA database. "The trial court denied Martin's motion, finding that the earlier testing determined that Martin was the source of the DNA found on the victim, that 'the frequency of occurrence of the major profile in the sample was one in 3.840 quintillion unrelated individuals,' and that there were no reasonable grounds for appointing counsel." *Martin v. State*, No. 03-11-00839-CR, 2014 Tex. App. LEXIS 639, at *3-4 (Tex. App.—Austin Jan. 23, 2014, no pet.) (mem. op., not designated for publication). "The court concluded that Martin had not shown a viable argument that retesting would yield more accurate results and agreed with the State that the code of criminal procedure did not provide for a comparison of test results with the State's database." *Id.* at *4. On appeal, this Court determined that "Martin sought appointed counsel to assist him not in obtaining DNA testing, which he has already obtained, but in having those test results compared to the statewide DNA database. That request does not fall within the purview of Chapter 64 and is therefore not reviewable on appeal." *Id.* at *6-7.

2

307 S.W.3d 318, 323 (Tex. Crim. App. 2010); *see* Tex. R. App. P. 25.2(a)(2) (setting out criminal defendant's right to appeal). In essence, the court of criminal appeals determined that an appeal regarding an order denying the appointment of counsel "is premature" because "a motion for appointed counsel is a preliminary matter that precedes the initiation of Chapter 64 proceedings." *Gutierrez*, 307 S.W.3d at 323. Further, the court explained that a request for the appointment of counsel does not compel "the convicted person to" ultimately file a motion for DNA testing, that "a convicted person may attempt to cure any deficiencies in an initial request for appointed counsel by filing another request," and that "there is no limit to the number of requests for appointed counsel that a convicted person may make." *Id.* Accordingly, the court reasoned that "it would be a waste of judicial resources to entertain a challenge to a trial judge's refusal to appoint counsel when the convicted person has not yet initiated Chapter 64 proceedings." *Id.*; *see also Ex parte Gutierrez*, 337 S.W.3d 883, 890-95 (Tex. Crim. App. 2011) (addressing issue of denial of counsel after defendant filed motion for post-conviction DNA testing and after trial court denied request for testing).

In light of this controlling precedent, we grant the State's motion and dismiss Martin's appeal for lack of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed: April 2, 2015

Do Not Publish

3