ACCEPTED
03-15-00244-CR
5571848
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/5/2015 4:57:40 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00244-CR

In the
Court of Appeals for the Third District of Texas
at Austin

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/5/2015 4:57:40 PM
JEFFREY D. KYLE
Clerk

_____

On Appeal from the 26th Judicial District Court, of
Williamson County, Texas
In Cause No. 03-1063-K26

_____

GREGORY MICHAEL KLAPESKY
*Appellant*
v.
THE STATE OF TEXAS,
*Appellee*

_____

STATE'S MOTION TO DISMISS
_____

**TO THE HONORABLE COURT**:

**COMES NOW** Appellee, the State of Texas, by and through the undersigned assistant district attorney, and files this Motion to Dismiss. The State contends that this Court should dismiss this appeal because neither a lack or a ruling nor an order denying the appointment of counsel in an Chapter 64 DNA proceeding is not an immediately appealable order.

In support hereof, Appellant would show this Court the following:

**I.      Appellant Appeals Lack of Ruling on Request for Appointed Counsel**

Appellant has filed a pro se motion for DNA testing under Chapter 64 Tex. Code Crim. Proc.  *See* Exhibit A.  He has filed a Request for Appointment of Counsel.  *See* Exhibit B. The trial Court recently gave to the State notice and a date by which to comply with its duties under Art. 64. *See* Exhibit C.  The trial court has not ruled on either of Appellant's motions.

Appellant states in his notice for appeal, that he is appealing based on his request for an appointed attorney, "Because the Court has not notified the Appellant of the ruling under this filing, he can only assume that this Appealable order has been denied."

**II.      There is No Appealable Order from which Appellant can Appeal**

The State contends that this Court should dismiss this appeal because, contrary to Appellant's assertion, an order denying the appointment of counsel in a Chapter 64 proceeding is not an immediately appealable order.  *Gutierrez v. State*, 307 S.W.3d 318, 319 (Tex. Crim. App. 2010).  The Court of Criminal Appeals has held:

> [I]t would be a waste of judicial resources to entertain a challenge to a trial judge's refusal to appoint counsel when the convicted person has not yet initiated Chapter 64 proceedings. The better course is for a convicted person to file a motion for DNA testing and, if and when the motion is denied, appeal any alleged error made by the trial judge in refusing to appoint counsel. If a reviewing court determines that the trial judge erred

in failing to appoint counsel, then the case will be remanded to the trial court so the convicted person can file a subsequent motion for DNA testing with the assistance of counsel.

*Id.*

Thus, even if the trial court denies Appellant's Request for Appointment of Counsel, he cannot immediately appeal that denial. The fact that the trial court has yet to rule on his request makes the inappropriateness of the instant appeal even more clear.

### III.    Prayer

WHEREFORE PREMISES CONSIDERED, Appellee respectfully requests that this Court dismiss the instant appeal for lack of an appealable order.

Respectfully submitted,

**Jana Duty**
District Attorney
Williamson County, Texas

/s/ John C. Prezas
John C. Prezas
Assistant District Attorney
State Bar Number 24041722
405 Martin Luther King #1
Georgetown, Texas 78626
(512) 943-1248
(512) 943-1255 (fax)
jprezas@wilco.org

## CERTIFICATE OF SERVICE

I certify that a copy of the State's Motion to Dismiss has been sent by certified mail to Applicant, on June 5, 2015, to the following address: Gregory Michael Klapesky, TDJC# 1295883, William G. McConnell Unit, 3001 S. Emily Dr., Beeville, Texas 78102.

_/S/ John C. Prezas_____
John C. Prezas

## CERTIFICATE OF COMPLIANCE

I certify that the State's Motion to Dismiss contains 421 words, after applicable exclusions, in compliance with amended Texas Rule of Appellate Procedure 9.4(3)

_/S/ John C. Prezas_____
John C. Prezas

# EXHIBIT A

(Pro Se Motion for DNA Testing)

CAUSE NO. 03-1063-K26

GREGORY MICHAEL KLAPESKY,      §      IN THE 26TH
                Petitioner,     §
                                §
vs.                             §      JUDICIAL DISTRICT COURT
                                §
THE STATE OF TEXAS,             §
                Respondent,     §      WILLIAMSON COUNTY, TEXAS

MOTION REQUESTING DNA TESTING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GREGORY MICHAEL KLAPESKY, ("Klapesky"), Petitioner, in the above-styled and numbered cause, and pursuant to Art.64.01, et.seq., Texas Code of Criminal Procedure,(CCP)(Vernon's Supp.2011), files this, his Motion Requesting DNA Testing of biological material collected during the investigation of this cause which has not been previously tested. In support of this Motion Klapesky will present unto this Court thus:

I
PROPRIETY OF THE MOTION

Klapesky has not made any previous request for DNA Testing on items he now wishes to have tested. As of September 1st 2011, Art.64.01 "does not" contain any reference to the :no fault" requirement which required the Petitioner to demonstrate that it was not through any fault of the Petitioner that any biological material collected in a case was not previously subjected to forensic DNA Testing.

II
ITEMS TO BE TESTED

Klapesky is now requesting forensic DNA Testing of biological material collected by the State during the investigation of this cause that is still in existence in a condition making DNA Testing possible and has been subjected to chain of custody sufficient to establish that it has not been "Substituted, Tampered with, Replaced, or Altered in any material respect, to-wit:

FILED
at __6__ o'clock __A__ M

FEB 2 0 2015

Lisa David
District Clerk, Williamson Co., TX.
SCAN

* Pubic Hair discovered on the body of the victim;

* Blood discovered on the blade of the samurai sword;

* As well as any and all other biological material that was previously untested or compared with the DNA Profiles in:

(1)  The DNA Database established by the Federal Bureau of Investigation; and

(2)  The DNA Database maintained by the Department of Public Safety inder Subchapter G, Chapter 411, of the Texas Government Code.

## III
## REQUISITES FOR TESTING

If all of the prerequisites set out in Art.64.01 are met, the trial Court must order DNA Testing.  ExParte Gutierrez, 337 S.W.3d 883, 889-90 (Tex.Crim.App.2011).

The current legal requisites are that Klapesky requests testing of the biological material collected by the State during the investigation of this cause, but not previously subjected to DNA Testing. Art.64.01(b)(1). The record will show the above listed items were not subjected to any testing other than a visual analysis which is not sufficient to discover presence of DNA.

Klapesky has requested the material specified in Section II above, which was collected by the Stateduring the investigation of this case, be subjected to DNA Testing.  Thus the prerequisites have been met.

Further, to be eligible for DNA Testing the Petitioner must show that unaltered material is available for testing, that identity was an issue in the cause, that there is a greater than 51% chance that he would not have been convicted if DNA Testing had provided exculpatory results, and that the request is not designed to delay the execution of the sentence.  In re Morton, 326 S.W. 3d 634, 642-644(Tex.App.-Austin 2010); Leal v. State, 303 S.W.3d 292(Tex.Crim. App. 2009).

- 2 -

A. Foremost, Klapesky is currently serving the LIFE sentence to which he was sentenced, thus the filing of this Motion is in no way delaying the execution of that sentence.

B. Further, in the criminal proceedings of this cause, the identity of the perpetrator was an issue.

C. Finally, in the criminal proceedings of this cause, despite the State's limited DNA Testing of certain items collected there was additional biological material untested which would have possibly changed the outcome of the verdict had it been tested and presented to the Court.

Instead Klapesky was convicted on "a web of cricumstantial evidence" that did not support the hypothesis that Klapesky had committed the crime.

Klapesky asserts that his circumstances are similar to the case of the recently exonerated Michael Morton in that:

(1) There was conflicting theories how the victim was murdered, i.e. the State's theory that Klapesky was the perpetrator, supported by wholly circumstantial evidence; whereas, Klapesky's theory was that he was not guilty, and

(2) There is untested biological material in the State's possession that may well contain the DNA of another individual and/or killer but has never been tested.

Also similar to Morton, Klapesky postulates that if untested bioloical material contains the DNA of a person other than Klapesky, this DNA evidence would corroborate his theory of another person(s) involvement, and had the jury in his criminal trial had this information available to them, there is a greater that 51% likelihood that the jury would have harbored some reasonable doubt as to Klapesky being responsble for the death of Kali Sansone.

IV
REQUEST FOR DNA TESTING

Having met the statutory prerequisites, as well as the judicial requisites Klapesky now requests that this Court Order the forensic DNA Testing on the biological material listed in Section II above, and any and all other helb by the State and/or the State's Agents.

WHEREFORE, PREMISES considered, Klapesky Prays that this Court will GRANT

- 3 -

this Motion in all parts.

Respectfully submitted on this, the /8th day of February, 2015.

_Gregory Michael Klapesky_
Gregory Michael Klapesky, Petitioner
TDCJ-CID #1295883
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas   78102


## VERIFICATION

Per CPRC §132.001, I, Gregory Michael Klapesky, TDCJ-CID #1295883, being incarcerated at the William G. McConnell Unit, Bee County, Beeville, Texas, declare under penalty of perjury that the above and foregoing statements are True and Correct.

Executed on this, the /8th day of February, 2015.

_Gregory Michael Klapesky_
Gregory Michael Klapesky

STATE OF TEXAS                    §
                                  §
COUNTY OF BEE                     §


                    AFFIDAVIT OF GREGORY MICHAEL KLAPESKY

     I, Gregory Michael Klaesky, TDCJ-CID #1295883, am over Eighteen years of

age and am mentally competent to make these statements.  Further, as the defen-

dant in the cause at bar, I have sufficient knowledge to make this Affidavit in

support for a Motion For DNA Testing, pursuant to Art.64.01(b).

     I am requesting forensic DNA Testing of biological material that was

collected in the investigation of this cause, but that I believe has not been

previously subjected to any type of DNA Testing.

     These items, as set out in Section II of my properly filed Motion For DNA

Testing, consist of:  Pubic Hair discovered on the Victim's body; Blood on the

blade of a samurai sword; as well as any and all other biological material that

was collected during the investigation of this cause, i.e. Crime Scene; Residence,

Vehicle(s), that was previously untested or compared with any other DNA Profile

available on the State and Federal CODIS Systems.

     I assert that it is my sincere belief that the untested biological material

is in a condition making DNA Testing possible, and has been subjected to a chain

of custody sufficient to establish that it has not been "Substituted, Tampered

with, Replaced, or Altered" in any material respect.

     I state that the record of the criminal proceedings of this cause will

demonstrate that despite the State's limited DNA Testing of certain items that

were collected, there was other items containing biological material untested

which if had been tested would contain DNA belonging to another indivdual other

than myself.  Thus, if the biological material contains the DNA of a person

other than myself, this material would corroberate my plea of not guilty, and

if the jury in my criminal proceeding had this information available to them

there is a greater than 51% probiblity that the jury would have harbored a resonable doubt as to my being responsible for the death of Kali Sansone.

Finally, I state I am Factually & Legally innocent of the death of Kali Sansone.

## UNSWORN DECLARATION

I, Gregory Michael Klapesky, TDCJ-CID #1295883, presently incarcerated in the William G. McConnell Unit, Texas Department of Criminal Justice - Correctional Institutions Division, 3001 South Emily Drive, Bee County, Beeville, Texas. I declare under penalty of perjury that the above document is True and Correct.

Executed on this, the _18th_ day of February, 2015.


Gregory Michael Klapesky, Affiant
TDCJ-CID #1295883
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas  78102

# EXHIBIT B

(Request for Appointment of Counsel)

CAUSE NO. 03-1063-K26

| | | |
|---|---|---|
| GREGORY MICHAEL KLAPESKY, | § | IN THE 26TH |
|         Petitioner, | § | |
| | § | |
| vs. | § | JUDICIAL DISTRICT COURT |
| | § | |
| THE STATE OF TEXAS, | § | |
|         Respondent, | § | WILLIAMSON COUNTY, TEXAS |

REQUEST FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GREGORY MICHAEL KLAPESKY, Petitioner Pro Se, in the above styled and number cause, files this Motion to Request For Appointment of Counsel to represent him in his pursuit of his Motion For DNA Testing pursuant to Article 64.01(a-1)(c).

PRAYER

WHEREFORE, PREMISE considered, Petitioner Prays that this Court will GRANT such relief in which is requested, and Appoint Counsel for Petitioner's pursuit of Article 64.01.

Respectfully Submitted on this, the _18th_ day of February, 2015

_Gregory Michael Klapesky_
Gregory Michael Klapesky, Petitioner
TDCJ-CID #1295883
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

FILED
at 8 o'clock M
FEB 2 0 2015
_Lisa David_
District Clerk, Williamson Co., TX.

SCANNED

# EXHIBIT C

(Trial Court's Notice to the State)



**DONNA KING**
26ᵗʰ District Judge
Williamson County, Texas

June 3, 2015

Honorable Jana Duty
Williamson County District Attorney
C/O Mr. John Prezas, Asst. District Attorney
405 M.L.K. Blvd.
Georgetown, Texas 78626
VIA Email to jprezas@wilco.org

RE: Number: 03-1063-K26,Gregory Michael Klapesky v. The State of Texas

Dear Ms. Duty:

Please find the enclosed copy of the above referenced Defendant's Motion Requesting DNA Testing. The State's Response is due not later than August 3, 2015, at which time the Court will take further action as required.

Sincerely,

Donna King
Judge, 26ᵗʰ District Court

