

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00477-CR

Detrick **DEROVEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 1996-CR-3437A
Honorable Kristina Escalona, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: June 14, 2023

DISMISSED FOR WANT OF JURISDICTION

In trial court cause number 1996-CR-3437A, Appellant was tried by a jury and found guilty of capital murder—multiple persons. On November 20, 1997, the trial court sentenced Appellant to confinement in the Texas Department of Criminal Justice—Institutional Division for life.

On January 18, 2022, Appellant filed a motion for forensic DNA testing of evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1). The State filed its response, and the trial court denied the motion on March 16, 2022. An appeal from the decision on a motion for forensic DNA testing "is to a court of appeals in the same manner as an appeal of any other criminal matter." *Id.*

art. 64.05; *see Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) ("[A]n order denying DNA testing is an 'appealable order' under Rule 25.2(a)(2).").

Appellant's notice of appeal was due on April 18, 2022. *See* TEX. R. APP. P. 26.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). More than one year later, on April 27, 2023, Appellant filed a pro se motion for leave to file a late notice of appeal of the denial of his motion for post-conviction DNA testing.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3) ("Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained [and] made returnable to the Court of Criminal Appeals.").

On May 10, 2023, we ordered Appellant to show cause in writing by May 31, 2023, why this appeal should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243.

On May 30, 2023, Appellant, acting pro se, filed an Inmate Declaration of Indigence, a motion to proceed in forma pauperis, and a docketing statement. These documents do not show how Appellant's notice of appeal was timely or otherwise demonstrate how this court's jurisdiction has been invoked. *See Olivo*, 918 S.W.2d at 522.

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Do not publish