

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00321-CR

———————————————————

MIGUEL ALFONSO CRUZ DAVALOS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. 10667

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In February 2018, Appellant Miguel Alfonso Cruz Davalos pleaded guilty to aggravated sexual assault of a child, and the trial court sentenced him to 28 years in prison. Two years later, Davalos requested appointed counsel to assist him in filing a motion for forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c). The trial court granted the motion and appointed Davalos an attorney. *See id.*

After a nearly two-year-long investigation,[1] Davalos's appointed attorney informed Davalos that he had determined that there were no grounds for filing a DNA-testing motion because "DNA would not provide any further innocent or mitigating evidence." Dissatisfied with his appointed attorney, Davalos moved for a substitute attorney. On November 9, 2022, the trial court signed an order denying Davalos's motion. Davalos, proceeding pro se, has appealed from that order.

We wrote to Davalos expressing our concern that we lack jurisdiction over this appeal because the trial court has not entered any appealable orders. In our letter, we explained that in criminal cases, our jurisdiction is generally limited to appeals from a conviction judgment or an interlocutory order made appealable by statute. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam); *see also* Tex. Code Crim. Proc. Ann. art. 64.05. We further explained that the statute authorizing a trial court to appoint counsel to assist an indigent convicted person in

---

[1]The investigation was hampered by the COVID-19 pandemic, which started around the time Davalos's counsel was appointed.

filing a motion for forensic DNA testing does not authorize an interlocutory appeal of a trial court's denial of a convicted person's request to substitute his court-appointed counsel with new appointed counsel. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c). We warned Davalos that unless any party wanting to continue the appeal filed a response within ten days showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f), 44.3.

Davalos filed "Appellant's Petition for Review," which we have construed as a response to our letter. Davalos's response, however, does not show grounds for continuing the appeal. Because there is no statutory authorization for an interlocutory appeal from an order denying a request for substitute counsel to assist in filing a postconviction DNA-testing motion, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see also* Tex. Code Crim. Proc. Ann. arts. 64.01(c), 64.05; *cf. Gutierrez v. State*, 307 S.W.3d 318, 322–23 (Tex. Crim. App. 2010) (holding that an order denying a request for appointed counsel under Article 64.01(c) to assist in filing postconviction DNA-testing motion is not immediately appealable).

/s/ Elizabeth Kerr

Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 27, 2023