

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00196-CR

---

OLIVER W. HART, III, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 06F0380-005

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

In January 2010, Oliver W. Hart, III, was convicted by a jury for possession of a controlled substance and was sentenced to forty-five years' confinement in prison. On November 3, 2025, Hart filed a document captioned "Motion to Show Who Has Jurisdiction, the State of Texas Has Jurisdiction Authorities of Defendant's Parole and the Interstate Compact (ICAOS)" in the trial court cause number under which he was convicted, 06F0380-005. On November 24, 2025, the trial court dismissed Hart's motion for lack of jurisdiction. On December 19, 2025, Hart filed a notice of appeal intending to appeal directly from the trial court's November 24 order.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981); *see Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."). When the legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

In the criminal context, the Texas Legislature has authorized appeals from written judgments of conviction and a few orders deemed appealable. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). After reviewing the available record, this Court made a preliminary determination that the trial court's November 24 order dismissing Hart's "Motion

to Show Who Has Jurisdiction, the State of Texas Has Jurisdiction Authorities of Defendant's Parole and the Interstate Compact (ICAOS)" was not an order from which the Texas Legislature authorized an appeal. On January 22, 2026, this Court sent Hart a letter asking him to demonstrate how we have jurisdiction over this appeal. We warned Hart that if he did not file a response on or before February 11, 2026, we would have no choice but to dismiss the appeal for want of jurisdiction. On February 10, 2026, Hart filed a motion for extension of time in which to file his response. The Court granted his request, and on February 23, 2026, Hart filed a response. Hart's response did not establish that this Court has jurisdiction over this appeal.

Because there is no indication in the record presently before this Court that the trial court entered an appealable order, we are without jurisdiction to hear Hart's appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.


Scott E. Stevens
Chief Justice

Date Submitted:     February 25, 2026
Date Decided:     February 26, 2026

Do Not Publish